IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN TORRES, | No. CIV S-11-1313-CMK-P |
|     Petitioner, | |
|   vs. | ORDER |
| GARY SWARTHOUT, | |
|     Respondent. | |
|                             / | |

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole. Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is petitioner's response to the court's July 28, 2011, order to show cause.

/ / /

/ / /

/ / /

/ / /

/ / /

1  In the July 28, 2011, order, the court stated:

2        Rule 4 of the Federal Rules Governing Section 2254 Cases
provides for summary dismissal of a habeas petition "[i]f it plainly appears
3  from the face of the petition and any exhibits annexed to it that the
petitioner is not entitled to relief in the district court."  In the instant case,
4  it is plain that petitioner is not entitled to federal habeas relief.  Reversing
the Ninth Circuit's decision in <u>Hayward v. Marshall</u>, 603 F.3d 546 (9th
5  Cir. 2010) (en banc), the United States Supreme Court recently observed:

6        Whatever liberty interest exists [in parole] is, of course, a
*state* interest.  There is no right under the Federal Constitution to
7  be conditionally released [on parole] before the expiration of a
valid sentence, and the States are under no duty to offer parole to
8  their prisoners.  <u>Id.</u> at 7.  When, however, a State creates a liberty
interest, the Due Process Clause requires fair procedures for its
9  vindication – and federal courts will review the application of
those constitutionally required procedures. . . .

10
<u>Swarthout v. Cooke</u>, 562 U.S. ___, 131 S. Ct. 859, 862 (2011) (per
11  curiam) (citing  <u>Greenholtz v. Inmates of Neb. Penal and Correctional
Complex</u>, 442 U.S. 1, 7 (1979)) (emphasis in original).
12
The Court held:
13
    . . . In the context of parole, we have held that the
14  procedures required are minimal.  In <u>Greenholtz</u>, we found that a
prisoner subject to a parole statute similar to California's received
15  adequate process when he was allowed an opportunity to be heard
and was provided a statement of the reasons why parole was
16  denied.  442 U.S. at 16.  "The Constitution," we held, "does not
require more."  <u>Ibid.</u>  Cooke and Clay received at least this amount
17  of process: They were allowed to speak at their parole hearings and
to contest the evidence against them, were afforded access to their
18  records in advance, and were notified as to the reasons why parole
was denied.  (citations omitted).
19      That should have been the beginning and the end of the
federal habeas courts' inquiry into whether Cook and Clay received
20  due     process. . . .

21  <u>Id.</u>

22  The Court added that "[n]o opinion of ours supports converting
California's 'some evidence' rule into a substantive federal requirement"
23  and ". . . it is no federal concern . . . whether California's 'some evidence'
rule of judicial review (a procedure beyond what the Constitution
24  demands) was correctly applied" because "a 'mere error of state law' is not
a denial of due process."  <u>Id.</u> at 862-63 (citing <u>Engle v. Isaac</u>, 456 U.S.
25  107, 121, n.21 (1982)).  Thus, in cases challenging the denial of parole, the
only issue subject to federal habeas review is whether the inmate received
26  the procedural due process protections of notice and an opportunity to be

> heard. There is no other clearly established federal constitutional right in the context of parole.
>
> Here, to the extent petitioner claims that the decision to deny parole was not based on "some evidence" or otherwise failed to satisfy substantive due process, the claim is foreclosed as a matter of law because there is no clearly established federal constitutional substantive due process right in parole. To the extent petitioner claims that he was not provided the minimal procedural due process protections of notice and an opportunity to be heard, the petition must be denied because it is clear on the face of the petition and documents attached thereto that petitioner was provided the minimum procedural protections guaranteed by the federal constitution.

In his response to the order to show cause, petitioner continues to argue the merits of his claim that, under California law, he was wrongly denied parole. He does not, however, address the reason discussed above for summary dismissal of the petition. For the reasons discussed in the court's prior order, the court finds that summary dismissal is appropriate.

Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the court has considered whether to issue a certificate of appealability. Before petitioner can appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Where the petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. See Fed. R. App. P. 22(b). Where the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 1604 (2000)). For the reasons set forth in the court's prior order and herein, the court finds that issuance of a certificate of appealability is not warranted in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is summarily dismissed;

2. The court declines to issue a certificate of appealability; and

3. The Clerk of the Court is directed to enter judgment and close this file.

DATED: November 14, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE